UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEROME WILSON, | Case No. 1:19-cv-01602-JDP |
| Petitioner, | ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED AS UNTIMELY |
| v. | |
| STU SHERMAN, | RESPONSE DUE IN THIRTY DAYS |
| Respondent. | ECF No. 1 |

Petitioner Jerome Wilson, a state prisoner without counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2254. ECF No. 1. This matter is before us for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases. *See* R. Governing § 2254 Cases 4; 28 U.S.C. § 2243. Under Rule 4, a district court must dismiss a habeas petition if it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998). Because it appears that the petition is untimely, we will order petitioner to show cause why his petition should not be dismissed.

**Discussion**

This court may raise the statute of limitations *sua sponte* when reviewing a habeas petition. *See Day v. McDonough*, 547 U.S. 198, 209 (2006); *Herbst v. Cook*, 260 F.3d 1039, 1042 n.3 (9th Cir. 2001) (Federal district courts may consider the timeliness of a state prisoner's

1

habeas petition to serve the interests of judicial efficiency.).  Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), petitioners seeking habeas relief under § 2254 must comply with a one-year statute of limitations.  For most habeas petitioners, the one-year clock starts to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  42 U.S.C. § 2244(d)(1)(A).  However, a petition may also be timely if it is filed within one year of "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.  *Id*. § 2244(d)(1)(C).

Here, petitioner filed his federal habeas petition on November 12, 2019, six years after his 2013 criminal conviction became final.  ECF No. 1.  Petitioner urges us to consider his petition timely under § 2244(d)(1)(C), relying on the passage of a new California state law that allows for the striking of gun enhancements at criminal sentencing.  *See* Cal. Penal Code § 12022.5(c) (West 2018) ("The court may, in the interest of justice pursuant to Section 1385 and at the time of sentencing, strike or dismiss an enhancement otherwise required to be imposed by this section.").  However, only a new right recognized by the U.S. Supreme Court, not a state court, can toll the statute of limitations under § 2244(d)(1)(C).  *See Dodd v. U.S.*, 545 U.S. 353, 358-60 (2005).  Here, petitioner has presented no evidence, and we can find none, that demonstrates that the U.S. Supreme Court has recognized a new constitutional right under California's Section 12022.5(c).  Moreover, petitioner does not seek, nor has he demonstrated that he is eligible for, any other form of statutory or equitable tolling.  Because the record indicates that the petition may "fall outside the one-year time period, the petitioner has the burden of demonstrating that he is entitled to tolling."  *Smith v. Duncan*, 297 F.3d 809, 815 (9th Cir. 2002), abrogated on other grounds by *Pace v. DiGuglielmo*, 544 U.S. 408 (2005).  Therefore, petitioner must explain to this court how his petition complies with § 2244(d).

**Order**

Within thirty days of the date of service of this order, petitioner must show cause why the court should not dismiss his petition as untimely. Failure to comply with this order may result in the dismissal of the petition.

IT IS SO ORDERED.

Dated:   March 20, 2020                                  _____
                                                                              UNITED STATES MAGISTRATE JUDGE

No. 206.