UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEROME WILSON,<br><br>        Petitioner,<br><br>    v.<br><br>STU SHERMAN,<br><br>        Respondent. | Case No. 1:19-cv-01602-HBK<br><br><u>FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION AS UNTIMELY AND FOR FAILURE TO STATE A CLAIM</u>[1]<br><br><u>OBJECTIONS DUE IN TWENTY-ONE DAYS</u><br><br>(Doc. No. 1) |

Petitioner Jerome Wilson ("petitioner" or "Wilson"), a state prisoner, initiated this action by filing a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254 on November 4, 2012.[2] (Doc. No. 1). On March 20, 2020, the court ordered petitioner to show cause why his petition should not be dismissed as untimely. (Doc. No. 5). After being granted three extensions of time, petitioner filed a response to the show cause order on September 11, 2020. (Doc. No. 12). For the reasons set forth below, the court recommends that the petition be dismissed with prejudice as time barred.

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2019).

[2] The Court applies the "prison mailbox rule" to *pro se* prisoner petitions, deeming the petition filed on the date the prisoner delivers it to prison authorities for forwarding to the clerk of court. *See Saffold v. Newland,* 250 F.3d 1262, 1265, 1268 (9th Cir.2000), *overruled on other grounds, Carey v. Saffold,* 536 U.S. 214 (2002).

# I. BACKGROUND

Wilson is serving an aggregate twenty (20) year state prison sentence stemming from his plea-based October 3, 2013 conviction for shooting into an inhabited dwelling, committing bodily harm on the victim, and using a firearm that was entered by the Kern County Superior Court. (Doc. No. 1 at 51). Wilson's aggregate twenty (20) year sentence results from his seven (7) year base sentence, a three (3) year enhancement under Cal. Penal Code § 12022.7 for great bodily injury, and a ten (10) year firearm enhancement under Cal. Penal Code § 12022.53. (*Id.*). Wilson did not appeal his sentence or conviction. (*Id.*).

Effective January 1, 2018, the California legislature in Senate Bill 620 amended California Penal Code § 12022.53, giving the state court the discretion to strike firearm enhancements. In 2018 and 2019, Wilson sought habeas relief from the state superior, appellate, and supreme courts, arguing that Senate Bill 620 was retroactive, and his ten (10) year firearm sentence enhancement should be stricken due to the new state sentencing law. The state courts denied Wilson relief, leaving his ten (10) year sentence enhancement intact. (Doc. No. 1 at 52, 53, 55).

In the instant petition, Wilson raises four grounds for relief challenging the state courts' denial of his state habeas petition. (*See generally* Doc. No. 1). Specifically, Wilson contends that: (1) his state habeas petition was not procedurally barred because his claim rested on a new law; (2) the California legislature intended the new sentencing law to be retroactive, even to final convictions; (3) the state habeas court had discretion under "any other law" to strike his sentence enhancement; and (4) the state law requirement for a certificate of probable cause was not required to litigate his state habeas claim. (*Id.* at 5-10).

The Court ordered Wilson to show cause why his petition filed six years after his state conviction was final is not untimely. (Doc. No. 5). In response, Wilson argues that § 2244(d)(1)(D) is the triggering event for the purpose of starting AEDPA's clock because the factual predicate of his claim did not occur until the California Legislature changed the law. (Doc. No. 12 at 1). Wilson asserts he exercised diligence by immediately filing a state habeas petition to seek relief under the new law. (*Id.* at 4). Thus, he argues the federal one-year

limitations period should run from September 18, 2019, the date the California Supreme Court denied his state habeas petition resulting in federal petition being timely. (*Id*. at 3). In addition to his argument that the facts underlying his petition warrant application of § 2244(d)(1)(D) as the correct trigger, Wilson suggests the denial by the California Supreme Court to resentence him under the new law also resets the AEDPA clock. (Doc. No. 12 at 4).

II. APPLICABLE LAW AND ANALYSIS

a. <u>The Petition is Time Barred Under AEDPA's Statute of Limitations</u>

The court may raise the statute of limitations *sua sponte* when reviewing a habeas petition. *Id*. at 209; *Herbst v. Cook*, 260 F.3d 1039, 1042 n.3 (9th Cir. 2001) (in the interests of judicial efficiency, federal district courts may consider the timeliness of a state prisoner's habeas petition). Title 28 U.S.C. § 2244, as amended by the Antiterrorism and Effective Death Penalty Act of 1996, sets a one-year period of limitations to the filing of a habeas petition by a person in state custody. This limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). For most habeas petitioners, the one-year clock starts to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 42 U.S.C. § 2244(d)(1)(A).

As noted *supra*, Wilson argues § 2244(d)(1)(D) is the correct trigger due to the change brought about by Senate Bill 620, which amended Cal. Penal Code § 12022.53. A change in controlling law, however, does not constitute a "factual predicate" as that term is used within the

3

statutory framework of § 2244(d)(1)(D). *Shannon v. Newland*, 410 F.3d 1083, 1088-89 (9th Cir. 2005) (rejecting petitioner's claim that subsequent California Supreme Court decision clarifying state law qualified as a factual predicate for purposes of § 2244(d)(1)(D) reasoning "[i]f a change in (or clarification of) state law, by a state court, in a case in which [the petitioner] was not a party, could qualify as a 'factual predicate,' then the term 'factual' would be meaningless."). *See also Easter v. Taylor*, 714 F. App'x 791, 792 (9th Cir. 2018) (affirming the district court's rejection of petition as untimely and rejecting subsequent change in Oregon law qualified as factual predicate under § 2244(d)(1)(D) citing *Shannon*). Thus, the California legislature's amendment to the firearms statute does not qualify as a "factual predicate" to Wilson's case to warrant tolling under § 2244(d)(1)(D).

To the extent Wilson suggests that the California Supreme Court's refusal to resentence him constitutes a new judgment for purposes of AEDPA's statute of limitations, he is mistaken. AEDPA's "statute of limitations must run from the judgment pursuant to which the petitioner is being held." *Smith v. Williams*, 871 F.3d 684, 687 (9th Cir. 2017). Here, Wilson's judgment became final in 2013. In contrast, when a state appellate court remands for *resentencing*, AEDPA's statute of limitations period does not begin until both the conviction and *resentencing* claims are final on direct review. *See Burton v. Stewart*, 549 U.S. 147, 156-57 (2007). Wilson's situation is different—the appellate courts did <u>not</u> remand his case to the lower court for resentencing.

Because Wilson has not demonstrated that he is entitled to any tolling provisions, the petition is governed by the date his "judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." § 2244(d)(1)(A). Wilson does not dispute that his plea-based conviction was entered on October 3, 2013 and he did not file an appeal or any post-conviction motion until he filed a state habeas petition in 2018. Thus, Wilson's federal petition filed in November 2019 is untimely by five years.

      b. <u>The Petition Fails to State a Federal Claim</u>

A federal court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in

4

custody in violation of the Constitution or laws or treaties of the United States."
28 U.S.C. § 2254(a). To pass initial screening under Rule 4, petitioner must allege a violation of "clearly established federal law"—meaning a violation of a U.S. Supreme Court holding. *See White v. Woodall*, 572 U.S. 415, 419 (2014). "[F]ederal habeas corpus relief does not lie for errors of state law." *Estelle v. McGuire*, 502 U.S. 62, 67 (1991).

Here, Wilson exclusively disputes the state court's interpretation of its own state law. Petitioner has not alleged any violation of a clearly established federal law. Therefore, the petition fails to state a cognizable federal habeas claim.

## III. CERTIFICATE OF APPEALABILITY

State prisoners in a habeas corpus action under § 2254 do not have an automatic right to appeal a final order. *See* 28 U.S.C. § 2253(c)(1)(A); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). To appeal, a prisoner must obtain a certificate of appealability. 28 U.S.C. § 2253(c)(2); *see also* R. Governing Section 2254 Cases 11 (requires a district court to issue or deny a certificate of appealability when entering a final order adverse to a petitioner); Ninth Circuit Rule 22-1(a); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997). Where, as here, the court denies habeas relief on procedural grounds without reaching the merits of the underlying constitutional claims, the court should issue a certificate of appealability only "if jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id*. Here, reasonable jurists would not find the undersigned's conclusion debatable or conclude that petitioner should proceed further. The undersigned therefore recommends that a certificate of appealability not issue.

Accordingly, it is ORDERED:

The clerk of court is directed to assign this case to a district judge.

Further, it is RECOMMENDED:

5

1. The petition (Doc. No. 1) be DISMISSED with prejudice.

2. Petitioner be denied a certificate of appealability.

<u>NOTICE TO PARTIES</u>

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within twenty-one (21) days after being served with these findings and recommendations, a party may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: June 1, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE